## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN PLANT FOOD CORPORATION, | § § § § | |
| Petitioner | § | |
| v. | § | Civil Action No.: |
| | § | |
| MILLCREEK ENGINEERING COMPANY | § § § | |
| Respondent. | § § | |

## PETITION TO CONFIRM ARBITRATION AWARD

American Plant Food Corporation ("APF" or "Petitioner"), by and through their attorneys Geoff Bracken, Audrey Momanaee, and Michaela Bissett of Foley & Lardner LLP, bring this Petition to Confirm Arbitration Award, pursuant to 9 U.S.C. § 9, to confirm the Final Award entered on June 1, 2021 (the "Award") by Marcy Higbie, W. Jerry Hoover, and Susan G. Perin (collectively, the "Panel"). In support thereof, Petitioner states as follows:

## INTRODUCTION

APF and Respondent, Millcreek Engineering Company ("Millcreek" or "Respondent"), were parties to an arbitration proceeding which by agreement took place virtually, using the ZOOM platform, in Houston, Texas. On June 1, 2021, the Panel entered the Award, a true and correct copy of which is attached hereto as Exhibit A. This Award has not been vacated, modified, or corrected under 9 U.S.C. § 10 or § 11, and this Petition is brought within one year of the entry of the Award. As a result, pursuant to the Federal Arbitration Act ("FAA"), APF is entitled to an order confirming the Award, and APF requests that this Court do so and enter it as a judgment of this Court.

## PARTIES

1. Petitioner, American Plant Food Corporation, is a Texas corporation with its principal place of business at 903 Mayo Shell Road, Galena Park, Texas 77547.

2. Respondent, Millcreek Engineering Company, is a Utah corporation with its principal place of business at 1011 East Murray Holladay Rd., Suite 200, Salt Lake City, Utah 84117. Millcreek may be served with this Petition by and through its registered agent, Incorp Services, Inc., 815 Brazos, Suite 500, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Petition pursuant to 9 U.S.C. § 9, as the Award was made in Houston, Texas, and pursuant to 28 U.S.C. §1332 (a), as there is complete diversity of citizenship and the Award exceeds $75,000 exclusive of interest and costs.

4. This Court has personal jurisdiction over Millcreek because Millcreek is being served notice of this application pursuant to 9 U.S.C. § 9.

5. Venue is proper in this judicial district pursuant to 9 U.S.C. § 9, because the arbitration proceedings took place and the Award was made in Houston, Texas.

## FACTS

6. APF and Millcreek agreed to resolve this dispute through arbitration, pursuant to their Standard Short Form Agreement Between Owner and Engineer, dated May 2016 (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit B. The Agreement expressly acknowledged the applicability of the FAA and included a Texas choice of law provision, and the Panel determined that Millcreek materially breached the same.

7. The arbitration was commenced in August of 2019, with a demand for arbitration filed with the American Arbitration Association.

8. The final arbitration hearing was commenced on September 10, 2021 and live evidence was concluded on February 24, 2021.  Both parties acknowledged that they had a full and fair opportunity to present their case in chief and/or defense.

9. On June 1, 2021, the Panel issued the Award, a true and correct copy of which is attached hereto as Exhibit A.

10. The Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. §11.

11. The Award requires Respondent to pay Petitioner damages of $1,802,139.28, attorneys' fees of $793,385.00 and expenses of $136,166.26. The Award also awards post-judgment interest at 5% per annum, compounding annually from the thirty (30) days from the date the Award was issued (June 1, 2021) until fully paid.

12. Pursuant to 9 U.S.C. § 9, Petitioner has brought this action within one year after the Award was made on June 1, 2021.

## MEMORANDUM OF LAW

13. According to the FAA, arbitration awards "must" be confirmed "unless" they are vacated, modified, or corrected for the limited reasons set forth in the statute, 9 U.S.C. §§ 9-11; *Citigroup Glob. Markets, Inc. v. Bacon,* 562 F.3d 349, 358 (5th Cir. 2009). The FAA "unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).[1] Here, no such grounds exist and the Award should be confirmed.

---

[1] Section 10 of the FAA sets forth four narrow grounds for vacatur of an arbitration award, all of which revolve around "extreme arbitral conduct" and "specific instances of outrageous conduct."  Hall Street, 552 U.S. at 586.  None of

14. "In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 543–44 (5th Cir. 2016) (internal quotations omitted). Under the FAA and binding Supreme Court and Fifth Circuit precedent emphasizing the mandate to confirm arbitration awards, the Award should be confirmed, and this Court should enter it as a judgment of this Court in favor of APF and against Millcreek per the terms of the Award.

15. Additionally, pursuant to the arbitration clause found in the Agreement, APF seeks recovery of its reasonable attorneys' fees, costs, and expenses incurred in bringing this Petition to Confirm the Award.

**WHEREFORE**, Petitioners respectfully petition this Court to: (i) confirm the Award; (ii) enter a Final Judgment in the amount of the Award; (iii) award Petitioner its reasonable attorneys' fees, costs, and expenses incurred in bringing and presenting this Petition to Confirm; and (iv) grant Petitioners such other and further relief, either at law or in equity, general or special, as the Court deems necessary.

---

which are even remotely applicable here: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partially or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10. Section 11 of the FAA sets forth similarly restricted grounds for modification of an award containing an error, which also does not exist here.

Dated: June 17, 2021

Respectfully submitted,

**FOLEY & LARDNER, LLP**

By:   */s/ Geoffrey H. Bracken*
    Geoffrey H. Bracken
    Texas Bar No. 02809750
    gbracken@foley.com
    Audrey F. Momanaee
    Texas Bar No. 24055993
    amomanaee@foley.com
    Michaela G. Bissett
    Texas Bar No. 24106189
    mbissett@foley.com
    1000 Louisiana Street, Suite 2000
    Houston, Texas 77002
    (713) 276-5500 (telephone)
    (713) 276-5555 (facsimile)

**ATTORNEYS FOR PETITIONER, AMERICAN PLANT FOOD CORPORATION**

## CERTIFICATE OF SERVICE

     I certify that on June 17, 2021 a true and correct copy of the foregoing document was served upon the following counsel of record by email.

SELTZER CHADWICK SOEFJE & LADIK PLLC
Timothy B. Soefje
The Star in Frisco
5 Cowboys Way, Suite 300-E
Frisco, Texas 75034
tsoefje@realclearcounsel.com

ATTORNEYS FOR RESPONDENT
MILLCREEK ENGINEERING COMPANY

                                             */s/ Michaela G. Bissett*
                                             Michaela G. Bissett

4848-0932-0174.1